**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MANDY COSTA WESTRICH,**

    **Plaintiff,**

v.                                                                                          Case No. 8:06-cv-210-T-30TGW

**DIOCESE OF ST. PETERSBURG, INC.,**
**et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Diocese of St. Petersburg and Clearwater Central Catholic High School's Joint Motion to Dismiss Count I of Plaintiff's Amended Complaint and Memorandum of Law in Support Thereof (Dkt. #15), and Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss (Dkt. #19). The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, finds that Defendants' motion should be granted.

**Background**

In the Amended Complaint (Dkt. #7-1), Plaintiff, Mandy Costa Westrich ("Plaintiff"), asserts an action against Defendants, Diocese of St. Petersburg, Inc. and Clearwater Central Catholic High School, pursuant to the Florida Civil Rights Act ("FCRA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act. In Count I, Plaintiff claims that Defendants violated the FCRA by discriminating against

Plaintiff because of her sex. Plaintiff alleges that she became pregnant while she was employed by Defendants. Plaintiff further alleges that on December 3, 2003, the Principal of Clearwater Catholic High School advised Plaintiff by written correspondence that she was being terminated effective December 19, 2003.[1] The December 3, 2003 correspondence states, in pertinent part:

> \* \* \*
> I am primarily concerned about your health and whether the school may face an emergency situation should you go into labor prematurely. I would suggest that neither of us take that risk. Therefore, I have made the decision that even though you are able to return to work (according to your doctor), I will give you this week off with pay. I do not expect that you will be able to return on January 5. Even if you could do so, you will be requesting additional leave for the birth of your child. This places the Development Office in a difficult position of having to continue to limp by and rely on others to fill the void. Therefore, I believe it would be best if we consider your last official day as December 19. I have made this decision in the best interest of the school and your health and this decision should not be seen in a negative way.
> \* \* \*

Plaintiff also alleges that on February 13, 2004, Plaintiff filed a charge of discrimination with the EEOC. Plaintiff attaches a copy of the charge of discrimination to the Amended Complaint as Exhibit "C." The charge of discrimination is signed by Plaintiff and indicates that the cause of discrimination is based on her pregnancy. Accordingly, it appears that Plaintiff's cause of action is based on allegations of pregnancy discrimination.

Defendants move to dismiss Count I of the Amended Complaint on the grounds that it fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R.

---

[1] Plaintiff alleges that the stated reason for her termination was because of her sex. In support of this allegation, Plaintiff attaches a copy of the correspondence notifying Plaintiff of her termination date as Exhibit "B" (Dkt. #2).

Civ. P. Defendants argue that Count I should be dismissed with prejudice because the FCRA does not provide a cause of action for discrimination based upon pregnancy.

## Motion to Dismiss Standard

In apprising the sufficiency of a complaint on a motion to dismiss, the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *South Florida Water Mgt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The Court must view the complaint in the light most favorable to the plaintiff and construe the allegations in the complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Hunt v. American Bank & Trust Co. of Baton Rouge, La.*, 783 F.2d 1011, 1013 (11th Cir. 1986). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." *Quality Foods de Centro America, S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir. 1983) (citations omitted).

**Discussion**

In 1978, Congress amended Title VII by enacting the Pregnancy Discrimination Act of 1978 (the "PDA"). 42 U.S.C. § 2000e(k). The PDA specifies that discrimination on the basis of pregnancy is sex discrimination, and therefore violative of Title VII. *O'Loughlin v. Pinchback*, 579 So. 2d 788, 792 (Fla. 1st DCA 1991). Florida has not amended its Civil Rights Act to include a prohibition against pregnancy-based discrimination. *Id.*

The Florida Legislature's failure to include language similar to the PDA when it enacted the FCRA after the *O'Loughlin* decision is a strong indication that it did not intend to include pregnancy-based discrimination in the FCRA. *See Dragotto v. Savings Oil Company d/b/a Dodge Store*, Case No. 8:04-cv-734-JSM-TGW, Dkt. #6. Accordingly, Florida law does not recognize a cause of action based on the premise that discrimination against pregnant employees is sex-based discrimination. *See O'Loughlin* at 793.

For these reasons, the Court concludes that Count I of Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Defendants' Motion to dismiss Count I of the Amended Complaint is granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Diocese of St. Petersburg and Clearwater Central Catholic High School's Joint Motion to Dismiss Count I of Plaintiff's Amended Complaint and Memorandum of Law in Support Thereof (Dkt. #15) is GRANTED.

2. Count I of Plaintiff's Amended Complaint is dismissed with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-210.mtd count 1.wpd